Good morning, Your Honor. Your Honor, Mr. Counsel. I may please the Court, Diego Rodriguez, on behalf of the appellant, Mr. Merlin Marcia-Acosta. Your Honor, we're here today because it is our position that the District Court erred when it imposed the 16-level enhancement to my client's guideline calculation on the basis that his prior conviction under the Arizona Aggravated Assault Statute qualifies as a crime of violence. As I'm sure you've read in the pleadings, the government concedes that the Arizona Aggravated Assault Statute is not only overbroad, but that it also fails to, that default cannot be corrected using the categorical method. And so I think the narrow issue that we are focusing on today is whether or not the District Court's adoption of the government's position that the holding in DeKalb's can be used to then correct that defect was a reasonable decision, and again, we do not believe that it was. There is, as I've stated before, no dispute that the mens rea aspect of the Arizona Aggravated Assault Statute renders the statute overbroad. And so in an effort to correct that defect and to allow it to impose the 16-level enhancement, the District Court adopted the government's position that the modified categorical approach could then be used to divine Mr. Marcia-Acosta's mental state at the time of the offense and then use that as a justification to find that it was a crime of violence. However, the opinion in DeKalb's, in our opinion, is very clear in stating two things. One, that if a statute is overbroad, that the modified categorical approach is not a proper method to get such a statute. That's only true if it's a non-divisible statute. Yes. Your position is non-divisible? Yes, Your Honor. Why is that? Because it says as three different mens reas, they have somewhat different sentencing sentences. So why isn't it divisible? It is non-divisible, Your Honor, because the mental – the way it is stated, when the statute – when the statute is written, it refers back to the misdemeanor assault statute, which would be ARS-1303. The issue there is that it allows for a intentional knowing or reckless mental state. It doesn't make a distinction. It doesn't parse them out in that way. I don't understand what you're saying. It says intentional knowing or reckless. So, therefore, it has to be one of the three. It can be any of the three. Isn't that exactly what makes it divisible? Those are alternative elements, right? Your Honor, it's – the practice and the issue is – and this is where I believe that much of the confusion and, quite frankly, the issue of divisibility versus overbroadness, in my mind, has become a bit muddled. Well, we're really clear that it's overbroad, I think. Yes. I don't think there's going to be a dispute about that. And it is – and I think that relates back to the issue of divisibility because you cannot – it is overbroad because of the – I mean, I think what you're saying is this. It was charged as all three. It is. I mean, this is the interesting problem here, right? They could, though, presumably, have written the charges just intentionally. Correct. So it is divisible. It just wasn't divided. That's what you're saying. I guess I'm speaking in terms of more of the practical use of the statute. Well, it's only practical in the sense of how do you – we're still into the question of applying the modified categorical approach. But the fact that it was charged as all three may be relevant in doing that, but it isn't to say that – I mean, I don't understand your argument that you couldn't apply the modified categorical approach. In the right – what? I guess I should say in this particular instance, you cannot apply the categorical approach. Because there were three – because the charge was everything. Yes, Your Honor. Thank you for clarifying that point. We will concede that the government would have the opportunity – in this case, the county prosecutor in the given county – would have the opportunity to fashion the indictment. And that's another point that we wanted to draw the Court's attention to. There's no dispute that the indictment in this case is also written in the overbroad manner. And so that option is available. It was not taken. And so in this case, you cannot apply the modified categorical approach to salvage the enhancement. Why? Is that because in order to do so, you have to get into the facts as opposed to the elements? Yes. That's your position? That's – Your Honor, it does exactly what DeKalb's asked not to do. If he had gotten up and pled specifically to intent. Yes. That would have been good enough, even if the – even if the charge was in the alternative, intent knowingly and recklessly, and he got up and said, I plead guilty to intention intentionally doing this. Presumably that would have been good enough. Your Honor, that's an issue. But there were three possibilities, and he pled to one of them. And why isn't that good enough? We would not concede to that point because of the other dynamics that are involved in the plea process, particularly in this case. But that's not what he did. I'm trying to distinguish that from what he actually did. Yes. But just looking forward, I understand the point that the Court is making. But to allow an interpretation along those lines, I think – I think will confuse the issue and allow many other factors that aren't necessarily part of – should not necessarily be part of the process, which is why would he necessarily do that at the time if it is charged. Well, exactly. So, therefore, if he does do it, since he didn't have to do it, it seems to me pretty – should stick pretty well that that's what he was convicted of. If that's what he pled to, then that's what he was convicted of. But that also could have been an issue arising out of his attorney's lack of experience or lack of knowledge in the application. Well, fine. But still, if he pled to it – but let's go on, because that's not what happens here. Yes. All right. So go on to this actual case.  And so in this case, as the Court is aware, it was, in fact, his attorney who made – who laid the factual basis for the plea. The government then, after his subsequent conviction on the 1326, used the transcript of that colloquy to convince the Court that it was appropriate to impose the 16-level enhancement based upon that admission of intentional conduct. Well, based upon the attorney's representation. Yes, the attorney. The factual representation. Yes. That's correct. Does it matter that in this case, this particular case, the plea was entered first by the defendant himself, and then the factual representation was made? I think it does, Your Honor, because the practice in Arizona is that the factual basis is normally laid by the attorney. The Court reviews the plea with the client. And again, the plea itself does not make any mention of it – does not specifically identify intentional conduct. We were only dealing with, or they were only dealing with at the time, a normal Arizona aggravated assault that allowed for all three mens rea. Right. So the defendant entered a plea to a – to one of those charges, basically. Yes, without. But we can't tell which of the three? Correct. Correct. And I'm just wondering about the language in DeKalb. It seems to sort of cut both ways, but certainly we've been advised, we've been given this direction, that we have to be concerned about representations where, in an underlying previous conviction, where the defendant really didn't have an incentive to correct a misstatement of fact, going to the factual basis as opposed to an element. But where the plea is already entered, I just wonder whether or not there is still a motivation for the defendant to say anything. What the heck? He's already entered his plea. So if he had disagreed with the lawyer's representation of a factual basis, I'm trying to figure out what incentive he had at that point to correct the record. Assuming that he knew the possible ramifications moving forward, his incentive would have been to protect his ability to avoid a more severe punishment. Yes, but that's what DeKalb tells us, that it's really not appropriate to – that a defendant isn't going to be in a position to predict that years later this could come back to haunt him. But that's not to say in a different case, had the colloquy rolled out in a different order, or if the statement had been by the defendant, I see nothing that would prevent us from accepting an admission. Your Honor, if the admission, for whatever reason, I would not contest that. If it's an admission, there is no reason to disregard it. By the defendant. Correct. By the defendant. But in this case, when it – this is an example of the incident or an example of the complication that DeKalb discusses, which is you're going to be bringing in – there's a danger of bringing in a large number of extraneous documents and of, in effect, manufacturing a factual basis. But what they also say is that they're talking about facts that are irrelevant. In this case, intent was an element of the crime. So are you relying on the fact that at the time he was charged in the indictment that they had all three, that it was irrelevant, the plea could have been accepted regardless of whether the court found that there was an element to support the intentional option under the – assume it's a divisible statute? That is absolutely correct, Your Honor. If – and I'm about to run out of time. If I could answer the question in reserve 30 seconds for rebuttal. Your Honor, that is absolutely correct. His attorney or he could have simply said, my client or I assaulted this person, and that would have been a sufficient factual basis. So the mens rea became irrelevant because he'd entered his plea or the mens rea became irrelevant because they charged all three and any one of them sufficed? Primarily because they charged all three and any one of them sufficed. Thank you. Thank you. May I please have the court? My name is Lacey Cooper. I'm an assistant U.S. attorney with the District of Arizona, and I represent the United States. The question before this court is whether it is a crime of violence for a defendant to intentionally cause physical injury to another person using a deadly weapon or dangerous instrument, in this case a dangerous instrument, a metal bar, causing injury to the victim's skull.  And there are two questions that I would like to turn to the court during the opening, which is whether the admission that was given at the change of plea colloquy is sufficient, and Taylor and Shepard tell us that that is one of the conviction docs that are proper for the court to consider a change of plea hearing colloquy where a factual basis is given for the charge. And United States v. Smith, which is cited in my brief, said that the fact that you have a factual basis that can, that dovetails with a charge. In other words, if you have a charge of, to take my hypothetical, if the charge had been I did this intentionally, and then he did this intentionally, and then the factual basis, and then he pled to it, I plead to the charge, the factual basis includes I did it intentionally, well, yes, that's sufficient. But if you have a factual basis which goes to a – the ultimate question is what was he convicted of, not what he did, right? Agreed. All right. He was charged with A, B, or C, right? If he pleads to A, B, or C, when he gives a factual basis, if it includes A, B, or C, why not? I understand the Court's concern, but in this case in particular, even though he was charged with A, B, or C, he pled to an amended count of aggravated assault, and it did not state in the amended count exactly what was – which facts he was – or elements he was being admitted to. Well, but it stated the statute, and it didn't specify – it didn't pull out any piece of it. It could have. It could have. It just says the generic statute. Which is A, B, or C, but the generic statute is A, B, or C. Correct. So why does the amended – why does the amendment help us? Because when you get to the time of the change of plea hearing, colloquially, and the judge is trying to make a determination about which elements were actually violated in this case, one of the elements that's provided by defense counsel, which is appropriate for the Court to consider, is the element of intentionally. That's the specific mens rea that's provided to the Court to support the conviction. Well, sure, but that doesn't have anything to do with the amendment, but it's beside the point. So go ahead, please. U.S. v. Smith, and then again, in the – this Court's decision in Cabrera-Perez says that a – the factual basis provided by the defense counsel or even a prosecutor at a change of plea hearing, colloquially, is appropriate for the Court to consider. And so it was appropriate for the district court in this case to consider that transcript when making a finding. Does it matter whether the – the factual representation is made by the lawyer as opposed to the defendant? It does not, pursuant to U.S. v. Smith, and then again in Cabrera-Perez. So you're relying on Smith? You don't think that they can't change Smith? No, Your Honor. So I want to go back. You said that the – he entered the plea. The plea he entered would have encompassed all three, A, B, and C. So the colloquy between counsel and the Court was for what purpose? The facts to support the conviction or the facts to support a sentence? Or what – why was it relevant to throw in intent if he merely said, you know, I committed the assault? I would assert, Your Honor, that the factual basis that's provided at the change of plea hearing is – supports the elements of the offense and that each of the elements of the offense that's provided in the factual basis. But why – which element? In other words, why would it – why was it necessary for there to be thrown in at the end and it was intentional? Some – some mens rea needed to be stated in order for that element to be met in this particular case. The defense attorney said the mens rea that was applicable in this case, which is intentionally. Does it have any consequence as a matter of Arizona law, whether it was intentional, reckless, or null – knowing? Not for an aggravated assault, Your Honor. But I think you alluded earlier that on the simple assault, there is actually different penalties for an intentional knowing. But this was aggravated assault, so it didn't actually matter. Correct. 1203 is actually a misdemeanor, isn't it? Correct. And it informs the basis, the underlying basis for an aggravated assault. 1204. Correct. Yeah. Was Smith – Smith was pre-decompt, but that could or could not matter. I mean, it also has this problem of unlawfully entering in this way in which unlawfully is so bizarre under California burglary law. And I remember it was discussed in Aguirre-Montez and I think maybe in the opinion in decompt. But leaving that aside, was Smith a case like – structurally similar to this one in which there was a – the charge was not specific, but it was only the factual basis that was specific? Your Honor, I was relying on Smith primarily for the consideration whether an attorney can provide a factual basis at a change of plea hearing colloquy. I would say that Cabrera-Perez answers the Court's question more on point. But Cabrera-Perez was the other. Cabrera-Perez was a situation, as I believe – you can tell me if I'm wrong – in which the charge was specific as well as the factual basis. I don't believe so, Your Honor. And the Court had to look at the – the statute was not cited in the charge. I should say that, Your Honor. The specific statutory subsection was not cited and the Court had to look at the language of the conviction documents to determine what the language supports as far as which subsection is supported by that language. What's your response to the questions we were asking of opposing counsel about the cautionary language in Decomp about needing to be very concerned about factual representations made during the course of a change of plea? I'm getting at – maybe I'm not asking a very good question, but I'm getting at the language in Decomp that talks about a defendant not having an incentive to correct a factual misstatement if it doesn't go to an element. Well, in this case, the factual statement – or the statement of intentionally does go to a specific element. Right. But he'd already entered his plea, so that's what – that was my question about what the heck at that point. What – I don't mean to be flip, but what incentive did he have there? I'd like to hear your response. I don't – if it was a solely factual, outlying, irrelevant issue, Your Honor, I think that that's what the Decomp court was concerned with. If they were having a dialogue about the events that led up to the specific assault in that case, then I think that's probably – it is irrelevant, and that's the sort of thing that Decomp was warning about. But the actual element of the mens rea, that being intentionally, I think is something that the defense attorney specifically gave to support the charge in this case. Let's go back to Carrera-Perez. I'm still reading it the way I'm reading it, and I'd like to know why you're reading it otherwise. The case says that the charging language was that Carrera-Perez intentionally placed the victim's unreasonable apprehension of imminent physical injury. Therefore, the complaint is a charging document that narrows the charge to generic limits. The fact that he pleaded guilty to this charge has established that he was convicted of a generic offense. Am I confused in some way? Your Honor, what I was saying is that I think the actual statutory citation was 13-12-03. Well, I understand that. But the charge was – that was the point I was trying to make. Here, the charge did not narrow the matter to the relevant element. In Carrera-Perez, it does, so it seems totally off point. Judge, you are correct that the charge in this case, the indictment in this case charges intentionally, knowingly, and – or recklessly.  So Carrera-Perez is not about whether the factual statement can supply the narrowing. It's about whether the charge can supply the narrowing. Correct. All right. So it doesn't help us. So now let's go back to Smith. Was Smith about that? And is Smith still good law? I believe Smith is good law to the thing that I cited it for. I understand that. It was my brief of that an attorney can provide the factual basis. I understand that. And what about to this point, i.e., can the factual basis and nothing else supply the narrowing? Do you agree that that's the question before us? Yes, Your Honor. It comes down to whether the words, and he did so intentionally in the factual basis. In the factual basis, but not in the plea and not in the charge. Correct. Correct. Yes, Your Honor. Okay. That is the crux of this case, whether that can be used to narrow the statute under the modified categorical approach. And I believe they can under Taylor. And the only case we have for that is a pre-cadet comp case. Smith was, and you think Smith at some point, and I don't know the answer to that, but you believe Smith is of that category? It matches that structure? No, Your Honor. You don't think Smith does. Not for that. Or you don't care what Smith does. You're not relying on Smith. Not for that. So you don't have a case. The bottom line is you don't have a case. The case that I would rely on is Taylor, that looking at the change of degree in colloquy to determine what the elements of the offense is, is appropriate. But there's been a lot of water under it. And reaffirmed it. There's been an awful lot of water under the bridge since under Taylor about what the modified categorical approach, how you do it. And I think that that specific thing in Dekamp was affirmed, that those are the conviction docs that you're allowed to look at, Your Honor. Well, you can look at it, but look at it for what? Can you look at it to supply all of the narrowing as opposed to affirm that he's actually has a factual basis for the already narrowed charge? Or can this be the only thing that narrows the charge? That's what we have here. There's nothing else that narrows the charge. Not on that element. You're right, Your Honor. Yes, that is the case, yes. Anything else? Just in summary, Your Honor, the government believes that this is the exact type of conviction that's contemplated by the sentencing guidelines as being a crime of violence that would warrant a 16-level enhancement. And the government's asking the Court to affirm the conviction. Thank you very much. Thank you. Your Honor, just very quickly, we would urge the Court to find that Smith is no longer good law. Why is that? Because in this circumstance, it cannot be allowed to provide, as the Court has stated, the narrowing. It alone should not be allowed to provide the narrowing. Well, Smith says that the client is bound by the representations of the attorney. That's correct. That's correct, Your Honor. But in the context of the post-account opinion in the environment that we are in, a more useful jurisprudence would be for the Court to give a clear direction that that alone, that can still remain the law, that the defendant can be bound by the statement. However, a clarification can be made that that alone cannot provide the narrowing, unless it is also. Well, that goes to whether, that goes to what we've been talking about. But you're not contesting that an attorney who provides the factual basis for the application becomes complicated when you're looking at it in terms of an analysis of the modified categorical approach? Sure. Okay. But it's just one last question. Is Smith structurally the same in that regard as this case? As to the? I.e., the charge was not narrowing. The plea was not narrowing. And therefore, they relied on the factual basis and nothing else. In those terms, yes. Okay. Thank you very much. Thank you. The case of United States v. Marcia Acosta is submitted. We will go on to United States v. Owings.
judges: FISHER, BERZON, CHRISTEN